## Commonwealth v. Preisnar

*Joseph Nelson,* for Commonwealth.
*William C. Kuhn,* for defendant.

McKay, J., January 27, 1965.—Defendant in the above-captioned case is charged with hunting within 150 yards of a dwelling without consent of owner and there have been several motions made which we think are without merit and they are overruled. In addition, it is stipulated by counsel and the parties that the information was filed by the game warden who called the nearest available justice of the peace to see if he was available at the time of these arrests and was informed that the justice was not there at that particular time, but that the justice did have posted on his door the hours that he would be available; that despite this fact, the game warden filed the information before Justice of the Peace Mike Mudrak, a justice of the peace about eight-tenths of a mile distant from the original justice of the peace and did this within 10 to 12 days from the date of the alleged offense.

Assuming the above stipulations to be a correct recital of the facts, the question is was the act com-

plied with which requires that the information be made before the nearest justice of the peace.

This question has never been before this court before in a hunting violation, but we have had it numerable times in automobile cases and it has been before appellate courts. The law is clear that the requirement of the statute that it must be brought before the nearest available justice of the peace is mandatory and has to be complied with and the proceedings are invalid from then on and a court on appeal must reverse if it is not.

Now, the question is whether there is anything about this act that is any different. In automobile cases you must bring your information within a few days but under this Game Law of June 3, 1937, sec. 1202, as amended, that is the hunting code in 34 PS §1311.1202, it provides all summary proceedings under the provisions of this act shall be commenced by affidavit made within two years after the violation before the nearest available justice of the peace in any township in the county. Then they define "available." The term "available justice of the peace" shall mean a justice of the peace who is in his regular office between the hours of 9 a.m. and 5 p.m. of the same day, or who is in his office in other specified hours, notice of which is at all times posted on the outside of his door. Then it further says, a magistrate shall be deemed to be unavailable if he is not in his regular office between 9 and 5 or if he does not have posted on his door notice of other specified hours during which he will be in his office, or if he is not at his office during those specified hours, or if in any particular proceeding he shall state in writing that he believes it would be unduly difficult for him to hear and determine the case. In other words, if the justice of the peace were a close relative of the man being arrested, he could file in writing a statement that although he was the

nearest justice of the peace, it isn't right for him to hear the case.

There isn't much question about what the decision must be. I am reluctant to dismiss cases on the ground that technicalities prevail, but it appears from the agreed facts that the prosecutor had within two years to file his information before Mr. Kilgore because Mr. Kilgore was the nearest justice of the peace, and while he wasn't in his office from 9 to 5, he was otherwise available during other hours which were posted on his door, so that made him not only the nearest, but the nearest available justice of the peace and it was the duty of the prosecutor to file the information and wait until Kilgore was in his office during the posted hours. One couldn't, under the circumstances of this case go to Mudrak, just for convenience or any other purpose.

In this case, under the agreed facts, the information was not filed before the nearest available justice of the peace.

In addition, the act says the information must be filed before the nearest available justice of the peace in any township in the county. It doesn't mean the nearest place in the township in which the act occurred. It says any township in the county, but it must be the nearest available. If a man is caught violating the game laws about two feet inside Hickory Township and there was a justice of the peace just inside the line in Jefferson Township and one in Hickory Township a long way away, I think you would go to the one in Jefferson who was the nearest justice of the peace in any township in the county, not to the nearest justice of the peace in the township in which the violation occurred.

ORDER

Now, January 27, 1965, it is ordered that the conviction of the justice of the peace is reversed, the facts

having been stipulated to making it unnecessary to produce testimony; the costs are placed on the County of Mercer and the cash bond shall be returned to defendant.